# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KURT M. WARREN, <br><br> Plaintiff, <br><br> v. <br><br> NAPHCARE and SPOKANE COUNTY JAIL, <br><br> Defendants. | 2:16-cv-00375-SAB <br><br> **ORDER DISMISSING SECOND AMENDED COMPLAINT** |

Before the Court is Plaintiff's Second Amended Complaint against a private medical corporation at the Spokane County Jail and the jail itself, ECF No. 15.[1] Plaintiff notified the Court that he is currently housed in the Idaho Correctional Alternative Placement Program Facility in Kuna, Idaho, ECF No. 16. He is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.

After a review of Plaintiff's Second Amended Complaint and liberally construing it in the light most favorable to Plaintiff, Plaintiff has failed to cure the deficiencies of his prior complaints. Plaintiff's only assertion is that he was "prevent[ed] . . . from getting the medical treatment [he] requested at time of need." He does not allege any official policy or custom that resulted in a

---

[1] Plaintiff attached a copy of the Order issued on April 28, 2017, to his Second Amended Complaint. It is not necessary for Plaintiff to provide the Court with copies of its own Orders.

constitutional injury. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-94 (1978). Consequently, he has failed to state a § 1983 claim against Defendant Spokane County. Moreover, these allegations do not state a § 1983 claim against NaphCare, a private organization.

Plaintiff indicates that he wishes to bring this action against "all the C/Os and medical staff" who were on "3 east" from July 25, until August 8, of an unspecified year. This is insufficient to state how identified Defendants were deliberately indifferent to his serious medical needs. *See Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) (holding that section 1983 liability must be based on the personal involvement of the defendant and rejecting liability based on membership in a group without a showing of individual participation).

For the reasons set forth above and in the Court's prior Orders, ECF Nos. 7 and 11, **IT IS ORDERED** the Second Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.

///
///
///
///
///

1   **IT IS SO ORDERED.** The District Court Executive is directed to enter this

2  Order, enter judgment, forward copies to Plaintiff at his last known address, and

3  close the file. The District Court Executive is further directed to forward a copy of

4  this Order to the Office of the Attorney General of Washington, Criminal Justice

5  Division. The Court certifies any appeal of this dismissal would not be taken in

6  good faith.

7      **DATED** this 3rd day of August 2017.

8

9

10

11

12



Stanley A. Bastian
13                   United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28